FILED: July 17, 2007

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1076

EHSAN KHAN; ANJUM EHSAN; FATIMA EHSAN; MARIYAH
EHSAN,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

O R D E R

The court amends its opinion filed April 20, 2007, as follows:

On page 1, the petitioners' alien numbers are deleted from the agency line.

For the Court

/s/ Patricia S. Connor
Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1076**

———————

EHSAN KHAN; ANJUM EHSAN; FATIMA EHSAN; MARIYAH
EHSAN,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals.

———————

Submitted:  March 9, 2007          Decided:  April 20, 2007

———————

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Jeremy L. McKinney, MCKINNEY & JUSTICE, PA, Greensboro, North
Carolina, for Petitioners.  Rod J. Rosenstein, United States
Attorney, Allen F. Loucks, Assistant United States Attorney,
Baltimore, Maryland, for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ehsan Khan, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

Khan challenges the immigration judge's determination that he failed to establish eligibility for asylum. To obtain reversal of an adverse eligibility determination, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that it does not compel a contrary result. Accordingly, we cannot grant Khan the relief he seeks.

Similarly, as Khan does not qualify for asylum, he is ineligible for withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is

_____

[*]Khan's wife, Anjum, and his daughters are derivative petitioners. 8 U.S.C.A. § 1158(b)(3)(A) (West 2005); 8 C.F.R. § 1208.21(a) (2006). All are natives and citizens of Pakistan.

ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." <u>Id.</u>

Finally, we also find that substantial evidence supports the finding that Khan failed to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). We find that Khan failed to make the requisite showing before the immigration court.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>